*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**United States of America,**

**Plaintiff,**

**Vs.**

**Harold Tyrone Jones,**

**Defendant.**

*Criminal Number 07-305(EGS)*

*Next Court Event*

*Motions Hearing Date 03/10/08*

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

COMES NOW, the defendant, Harold Jones, by and through counsel, and moves this Honorable Court for the entry of an order suppressing all evidence derived from the illegal stop, arrest and search of his vehicle on July 28, 2007 at the trial of the above entitled action.

In support thereof, the defense believes and therefore avers the following:

1.  Harold Jones comes before the court charged by indictment with one count of unlawful possession with intent to distribute 50 grams or more of cocaine base and an additional count charging simple possession of cocaine base.  Each alleged offense occurred on July 28, 2007.

2.  The government alleges that at 1:30 in the morning, in the area of 18th and Minnesota Avenue SE  Mr. Jones engaged in a conversation with an undercover police officer posing as a prostitute.

3. On information and belief, the officers who later stopped and arrested Mr. Jones were not present during the conversation. For that reason, they did not know whether the crime of solicitation of prostitution occurred before stopping and arresting Mr. Jones

4. After the conversation, the undercover police officer posing as a prostitute left Mr. Jones and walked down R Street SE. Mr. Jones left alone in his vehicle driving down 18th Street Toward Q Street, SE. Mr. Jones turned right on Q street SE headed toward 19th Street, SE.

5. Thereafter, Mr. Jones stopped in the area of 18th and Q Street SE.

6. Mr. Jones got out of his car.

7. Thereafter, outside of his automobile, Mr. Jones was arrested handcuffed and placed in the back seat of a police car – over twenty feet away from Mr. Jones car.

8. While Mr. Jones was seated in the back of the police car, in handcuffs, police searched his car. The search of the car occurred after Mr. Jones had been arrested, taken into custody and placed in a police vehicle, handcuffed with locked doors, on the 19th Street end of Q Street. The area searched was outside his immediate control.

9. Mr. Jones protested and told police, "I didn't give you'all permission to search my car.

10. According to the police report provided to counsel in discovery, the car was searched, "incident to arrest."

11. Seized from Mr. Jones car was cocaine base. A hearing will show it was not in plain view.

12. Seized from Mr. Jones person at the Police Precinct was $1,027.28 in U.S. currency.

13. The stop, arrest, search and seizure were made without the authority of a warrant, without an articulable suspicion that a crime had occurred, with probable cause to believe that a crime had been committed by the defendant and with no legal justification of which the defense is aware.

14. The evidence was taken from the Mr. Jones in violation of the Fourth Amendment, Fifth Amendment, Sixth Amendment and case law outlined in the memorandum of points and authorities made in support of this motion including *Chimel v. California, 395 U.S. 752, 763, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969) and New York* v. *Belton.* 453 U.S. 454 (1981).

WHEREFORE, the Harold Jones prays that the Court grant this motion and suppress all evidence derived from the illegal stop and arrest.

Respectfully submitted,

Ferris R. Bond, #372607
Bond & Norman, PLLC
700 Fifth Street NW
Suite 200
Washington, D.C. 20001
Telephone (202) 682-4100
Cell (202) 423-3859
Email Ferrisbond@aol.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**United States of America,**

**Plaintiff,**

**Vs.**

**Harold Tyrone Jones,**

**Defendant.**

**Criminal Number 07-305(EGS)**

**Next Court Event**

**Motions Hearing Date 03/10/08**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS TANGIBLE EVIDENCE

This is a case in which the police rushed to judgment based upon a hunch. In doing so, they arrested Mr. Jones before they facts revealed either an articulable suspicion that a crime occurred and before probable cause for arrest was established. Based upon authority cited below, all evidence derived from their unlawful conduct should be suppressed at the trial.

In the landmark case of *Terry v. Ohio,* 392 U.S. 1 (1968), the Supreme Court held that police may stop individuals with less than probable cause if they have an articulable suspicion that that the detainee has committed a crime. See *U.S. v. Cortez,* 449 U.S. 411; *Reid v. Georgia,* 448 U.S. 438  (1980); U.S. *v. Nembhard,* 676 F2d 193 (6th Cir. 1983); *U.S. v. Roundtree* 596 F2d. 672 (5th Cir.), cert *denied,* 444 U.S. 871 (1979).

A police officer's hunch does not justify even a minimal intrusion on freedom or a brief detention. The propriety of the stop is to be judged by objective rather than subjective standards. *U.S. v. Considine*, 567 F2d 266, (4th Cir. 1977), cert *denied*, 435 U.S. 926 (1978); *U.S. v. Oates*, 550 F2d. 45 (2d. Cir. 1977).

Nothing occurring after the stop can be used to justify the stop. *Cortez Supra*,

In *United States v. Green*, 216 U.S. App. D.C. 329, 640 F2d. 1148 (1981), the Court held that a suspects presence in an area notorious for narcotic sales, standing alone does not even justify an investigatory stop.

In Johnson *v. United States*, 468 A.2d 1325 (D.C. 1983), the court held that persons unfamiliar to the police seated in a car late at night in a high crime area was insufficient to justify a Terry stop.

A police officer may make an arrest without a warrant only when he has reasonable grounds to believe a crime has been committed and that the person before him has committed it. *Gatlin v. United States*, 117 U.S. App. D.C. 123 (1963).

Whether a police officer had probable cause to make an arrest is a subjective standard and is viewed from the perspective of a prudent and cautious police officer at the scene at the time of the arrest. *Munn v. United States*, 283 A2d. 28,30, (D.C. 1971). The "proffered grounds for probable cause" must be sufficient to narrow the number of suspects to a level tolerable under the Fourth Amendment." *United States v. Short*, 187 U.S. App. D.C. 142, 145 F2d. 1051, at 1054 (1978). As the Supreme Court noted in *Henry v. United States*, 361 U.S. 98 (1959), "as the early American decisions both before and immediately after [the Fourth Amendment's] adoption show, common rumor or report, suspicion, or even

strong reason to suspect was not adequate to support a warrant for arrest. And that principle has survived to this day." *Id* at 101.

The facts upon which the probable cause is based must be in the hands of the police officer before the arrest is made. An arrest is never justified by what turns up incident to it. *United States v. Cunningham*, 138 U. S. App. D.C. 29, 424 F2d. 942, *cert denied*, 399 U. S. 942 (1970); Bailey *v. United States*, 128 U.S. App. D.C. 354, 357 (1967); United *States v. Di Re*, 332 U.S. 581, 585 (1948).

The probable cause requirement should be strictly enforced. *Henry v. United States, Supra*, at 102. Warrantless arrests based upon probable cause should receive close judicial scrutiny when challenged. *United States v. Watson*, 423 U.S. 411,432 n6 (1976).

The burden is on the United States to prove any claimed exception to the Warrant requirement applies. *United States v. Johnston*, 802 F2d. 1459, at 1461 (D.C. Cir. 1986) *United States v. Free*, 437 F2d. 631 at 633 (D.C. Cir. 1970).

They will not be able to do so. The conversation with the undercover officer posing as a prostitute was not heard by the police officers that stopped and arrested Mr. Jones. The stop and arrest were both made before they could determine whether the crime of soliciting prostitution or for that matter any other crime had been committed. A hearing will show that the officers arrested Harold Jones on a hunch that he committed the crime of soliciting prostitution. They did not have probable cause to do so. The arrest and subsequent search and seizure contraband from Mr. Jones' car were in violation of the 4th Amendment.

All fruits of an unlawful search or seizure must be suppressed. The fruits can include tangible evidence, identification evidence, statements, and anything else tainted by the illegality. *See, e.g., United States v. Crews*, 445 U.S. 463 (1980) (identification procedures); *United States v. Johnson*, 496 A.2d 592 (D.C. 1985) (evidence of flight). Even the testimony of a witness whom the government has

discovered because of a Fourth Amendment violation can be suppressed as a fruit. *United States v. Scios*, 590 F.2d 956 (D.C. Cir. 1978) (en banc).

Even if the stop and arrest was lawful, the search of Mr. Jones ' vehicle violated his right under the 4th Amendment because the search of his vehicle was without a warrant and was not justified under an of the warrant exceptions.

The Supreme Court developed the doctrine of search incident to arrest in *Chimel v. California, 395 U.S. 752, 763, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969)*, holding that an officer making a lawful custodial arrest may search the person in custody and the "immediately surrounding area" into which he or she might reach in order to obtain a weapon or to destroy evidence. The Supreme Court addressed the applicability of this doctrine to searches of automobiles in *New York* v. *Belton*. 453 U.S. 454 (1981). In *Belton*, the Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *453 U.S. at 460.*

Where, as here, the police come upon the arrestee outside of an automobile. The rationale for *Belton's* bright-line rule is absent; instead, the normal framework of *Chimel* applies. Since the automobile was not within the "immediate surrounding area" into which Mr. Jones might have reached at the time the police arrested him, the search of Mr. Jones car was not incident to their arrest. See e.g. *United States v. Fafowora ,275 U.S. App. D.C. 141*; *865 F.2d 360*; *1989 U.S. App. LEXIS 293(D.C. Cir. 1989);  United States v. Green, 394 F.2d 375, 2003 U.S. App Lexis 4157. 60 Fed. R. Evid. Serv.  (CBC) 1406 (5th Cir. 2003).*

In accordance with the *Gatlin, Munn, Bailey, Henry, Watson, Chimel, Belton* and *Wong Sun* cases cited above, the defense submits that all  evidence derived from both the illegal stop and  the illegal arrest of the defendant should  be suppressed.

A pretrial suppression hearing is requested. *Clemons v. United States,* 133 U.S. App. D.C. 27, 34, 408 F2d. 1230, 1237 (1968), *cert. denied* 394 U.S. 964 (1969).

WHEREFORE, the Harold Jones prays that the Court grant his motion and suppress all evidence and statements derived from both the unlawful stop and the unlawful arrest.

Respectfully submitted,

Ferris R. Bond, #372607
Bond & Norman, PLLC
700 Fifth Street NW
Suite 200
Washington, D.C. 20001
Telephone (202) 682-4100
Cell (202) 423-3859
Email Ferrisbond@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was electronically served upon counsel for the United States on January 11, 2008.

Ferris R. Bond