UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
                                              )
Plaintiffs,                                 )
                                              )
v.                                            ) Criminal Number 07-305(EGS)
                                              ) Next Court Event
HAROLD TYRONE JONES,        ) Motions Hearing 3/07/2008
                                              )
            Defendant.                    )
_____ )

## HAROLD JONES'REPLY TO GOVERNMENT OPPOSITION TO MOTION TO SUPPRESS

Comes now Harold Tyrone Jones, through counsel, and replies to the government opposition as follows:

1.        There appears to be a factual dispute on the nature of the conversation between Mr. Jones and the undercover police officer posing as a prostitute. The credible evidence at a hearing on this matter will show that Mr. Jones flirted with the UC. He asked her to go home with him. But, he never agreed or offered to pay her money for a sex act. The evidence will also show that Mr. Jones was never charged with soliciting a prostitute – probably because the government lacked the evidence to do so.

2.     There also appears to be a factual dispute on the sequence of events leading up to Mr. Jones' arrest. The government alleges in its opposition that Mr. Jones was arrested after being positively identified by the undercover police officer acting as a prostitute. At a hearing, the credible evidence will show that Mr. Jones was placed under arrest instantaneously and before an identification of any kind occurred by the undercover police officer posing as a prostitute. Also occurring instantaneously at the same time was the search of Mr. Jones' car.

3.     Without an identification by the undercover police officer indicating that she had been solicited and that Mr. Jones was the person who did so, Mr. Jones' arrest was made without probable cause.

4.     Even if the government claims that Mr. Jones was merely being detained pursuant to a "Terry Stop," until an identification was made, his car could not be searched incident to arrest. Mr. Jones was held over 20 feet from his car without access to its contents. The offense investigated did not involve the use of contraband, weapons or implement of a crime.

5.     Under either theory, the contemporaneous search of Mr. Jones' car violated the Fourth Amendment. For that reason the fruits of the search should be suppressed at trial.

6.    After a hearing, we submit the government will be in a position where they must ask the court to justify the search based on what they found.  They cannot do so.  *United States. v. Cortez,* 449 U.S. 411(1981)

Accordingly, we submit the contraband seized from Mr. Jones' car should be suppressed.

Respectfully submitted,

Ferris R. Bond, #372607
Bond & Norman PLLC
P.O. Box 83699
Gaithersburg, Maryland 20883-3699
Phone (301) 590-2727
Fax (202) 207-1041
Cell (202-423-3859
Email:  Ferrisbond@comcast.net